# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **ADRIANNA ALCARAZ,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**VIVIANA HELTON and MONTY HELTON,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:23-cv-00838-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, pro se Plaintiff Adrianna Alcaraz ("Ms. Alcaraz") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Ms. Alcaraz's amended complaint.[2] For the reasons set forth below, the court dismisses this case without prejudice *sua sponte* for lack of subject-matter jurisdiction.

In her amended complaint, Ms. Alcaraz alleges that she is a citizen of Utah and that Defendants Viviana Helton and Monty Helton (collectively, "Defendants") are also citizens of Utah.[3] Although Ms. Alcaraz asserts federal-question jurisdiction under 28 U.S.C. § 1331, she lists only state statutes as the basis for such jurisdiction.[4] Ms. Alcaraz's allegations appear to

---

[1] ECF No. 4.

[2] ECF No. 9.

[3] *Id*. at 3.

[4] *Id*.

relate to a landlord-tenant dispute she had with Defendants, and she seeks monetary damages from Defendants for emotional and mental distress.[5]

The court dismisses this case without prejudice *sua sponte* because subject-matter jurisdiction is lacking. "Insofar as subject[-]matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . ."[6] "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."[7] Ms. Alcaraz bears the burden of establishing subject-matter jurisdiction.[8]

Ms. Alcaraz asserts federal-question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For federal-question jurisdiction to exist, Ms. Alcaraz's amended complaint must establish "either that federal law creates the cause of action or that [her] right to relief necessarily depends on resolution of a substantial question of federal law."[9] "The complaint must identify the statutory or constitutional provision under which the

---

[5] *Id*. at 4-5.

[6] *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[7] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quotations and citation omitted) (emphasis in original).

[8] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[9] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations and citations omitted).

claim arises, and allege sufficient facts to show that the case is one arising under federal law."[10] Further, federal-question jurisdiction "exists only where there is a colorable claim arising under federal law."[11] Although "[a] claim can be meritless while still being colorable, . . . a court may dismiss for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."[12]

Ms. Alcaraz's amended complaint fails to establish federal-question jurisdiction. Indeed, by listing only state statutes in the section of her amended complaint devoted to asserting federal-question jurisdiction, she cannot demonstrate that her claims arise under federal law. Therefore, the court lacks subject-matter jurisdiction over this case.[13] Accordingly, the court dismisses this case without prejudice *sua sponte*.[14]

### ORDER

For the reasons stated above, the court HEREBY ORDERS that this case is DISMISSED WITHOUT PREJUDICE *sua sponte* for lack of subject-matter jurisdiction.

---

[10] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

[11] *McKenzie v. U.S. Citizenship & Immigr. Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014) (quotations and citations omitted).

[12] *Id.* at 1156-57 (quotations and citations omitted).

[13] Ms. Alcaraz did not assert diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." But even if she had done so, it appears that she would still fail to establish the existence of subject-matter jurisdiction. Indeed, Ms. Alcaraz's amended complaint alleges that she and Defendants are all citizens of Utah.

[14] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

IT IS SO ORDERED.

DATED this 25th day of October 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge